## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **WILLIAM GARRIGA**, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 06-CV-5894 |
| **MOTRK, INC.**, an Illinois corporation, **JOKAT CO., INC.**, an Illinois corporation, **PMA MCD, INC.**, an Illinois corporation, and **PHILIP K. FUENTES**, individually and as President of MOTRK, INC., JOKAT, INC. and PMA MCD, INC., | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ANSWER

NOW COME the Defendants MOTRK, Inc., Jokat Co., Inc., PMA MCD, Inc., and Philip K. Fuentes, individually and as President of MOTRK, Inc., Jokat Co., Inc., and PMA MCD, Inc., by and through their attorneys Jackson Lewis LLP, and answer to Plaintiff's Complaint as follows:

**PARAGRAPH NO. 1**:

This action arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* and the Portal-to-Portal Act, 29 U.S.C. §25 1, *et seq.,* the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.,* and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1, *et seq.*, for Defendants' failure to pay Plaintiff and other similarly situated employees overtime pay for all time worked in excess of forty (40) hours during individual work weeks. During the period of his employment by Defendants, Plaintiffs worked in excess of forty (40) hours per work week, did not regularly receive overtime wages at the rate of one and one-half times his regular hourly rate of pay, but was paid straight time for nearly all hours worked.

**ANSWER**:

Defendants admit that Plaintiff brings this lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §25 1, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1, *et seq.* for Defendants' alleged failure to pay overtime wages to Plaintiff and other similarly situated employees, but deny Plaintiff or other employees are entitled to the relief requested under the statutes. Defendants admit that Plaintiff sometimes worked in excess of forty (40) hours per work week. The terms "regularly" and "nearly" are vague and subject to multiple interpretations, and thus Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph No. 1.

**PARAGRAPH NO. 2**:

Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, arising under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§206 and 207, and the Portal-to-Portal Act, 29 U.S.C. §251, *et seq*. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 with regard to the Illinois statutory claims. Venue lies in the Northern District of Illinois inasmuch as the events giving rise to Plaintiff's claims occurred in this judicial district and Plaintiffs are domiciled in, and Defendants are engaged in business in, this district.

**ANSWER**:

Defendants admit that jurisdiction and venue are proper in this district, but deny that Plaintiff is entitled to any of the relief requested, and deny the remaining averments of Paragraph No. 2.

**PARAGRAPH NO. 3**:

Defendants, MOTRK, INC., an Illinois corporation, JOKAT, INC., an Illinois corporation, PMA MCD, INC., an Illinois corporation, and PHILIP K. FUENTES individually and as President of MOTRK, INC., JOKAT, INC. and PMA MCD, INC. (hereinafter "Defendants"), at all times material hereto, were engaged in the business of providing food and dining services to the general public. As such, Defendants' services meet the definition of an enterprise engaged in commerce as set forth by the FLSA at 29 U.S.C. §203(s)(l)(A). During all times material to this action, Defendants were persons acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and, therefore, were and are "employers"

as defined under both the federal and state statutes relied upon herein, and as such, Plaintiffs employers are jointly and severally liable for the unpaid wages and other relief sought pursuant to this action. Defendants MOTRK, INC., JOKAT, INC., and PMA MCD, INC—all of which corporations are, and were at all times material to this action, under the direct control of PHILIP K. FUENTES, as President of each of said corporations, and therefore exerted, along with Mr. FUENTES, common control over a shared employee or employees—annually conducted business in excess of $500,000.00 exclusive of excise taxes.

**ANSWER**:

Defendants admit that, at all times material hereto, they were engaged in the business of providing food and dining services to the general public. Defendants further admit that Philip K. Fuentes is the president of each of the defendant corporations, and that the defendant corporations conduct annual business in excess of $500,000.00 exclusive of excise taxes. The remaining averments of Paragraph No. 3 call for legal conclusions, to which no answer is required.

**PARAGRAPH NO. 4**:

Plaintiff WILLIAM GARRIGA (hereinafter "the named Plaintiff"), and all other unnamed Plaintiffs of the class, known and unknown (hereinafter "members of the Plaintiff Class"), are either present or past hourly employees of Defendants, were designated as laborers for kitchen and dining service duties, and were "employees" as defined under both federal and state statutes upon which this action relies. As Defendants' employees, Plaintiffs were also engaged in interstate commerce. A copy of Mr. Garriga's consent form is attached hereto as Plaintiff's Exhibit "A".

**ANSWER**:

Defendants admit that Plaintiff William Garriga is a past hourly employee of the defendant corporations, and that he was an "employee" within the meaning of the statutes upon which Plaintiff relies. Defendants further admit that Exhibit A to the complaint purports to be a consent form executed by Mr. Garriga. Defendants deny the remaining averments of Paragraph No. 4.

**PARAGRAPH NO. 5**:

    **(a) Regarding the Fair Labor Standards Act**
Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is asserted by the named Plaintiff as an opt-in representative action, on behalf of himself and all other Plaintiffs similarly situated, who have been or will in the future be damaged by Defendants' violation of 29 U.S.C. §201, *et seq.,* and §251, *et seq.* Count II seeks punitive damages due to the Defendants' willful violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §255. Count III seeks liquidated damages under the Fair Labor Standards Act, pursuant to §260.

    **ANSWER**:

Defendants admit that Plaintiff purports to bring Count I of this action as an opt-in representative action and seeks punitive and liquidated damages against Defendants, but deny that Plaintiff is entitled to bring Count I of this action as an opt-in representative action or to receive punitive or liquidated damages, and deny the remaining averments of Paragraph No. 5.

**PARAGRAPH NO. 6**:

    **(b) Regarding the Illinois Minimum Wage Law**
Plaintiff brings Count IV of this action individually pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* At all times material to this action, Defendants were Plaintiff's employer as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' employee within the meaning of said act, working as a laborer for kitchen and dining service duties, on or after the date three (3) years prior to the filing of this action.

    **ANSWER**:

Defendants admit that Plaintiff purports to bring Count IV of this action pursuant to the Illinois Minimum Wage Law, but deny that Plaintiff is entitled to relief under that statute. Defendants further admit that the defendant corporations were Plaintiff's "employer" and Plaintiff was an "employee" of the defendant corporations within the meaning of that statute. Defendants deny the remaining averments of Paragraph No. 6.

**PARAGRAPH NO. 7**:

    **(c) Regarding the Illinois Wage Payment and Collection Act**
Pursuant to the Illinois Wage Payment and Collection Act 820 ILCS 115/1, *et seq.,*

Plaintiff brings Count V of this action individually with regard to his employment by Defendants working as a laborer for kitchen and dining service duties, on or after the date five (5) years prior to the filing of this action.

**ANSWER:**

Defendants admit that Plaintiff purports to bring Count V of this action pursuant to the Illinois Wage Payment and Collection Act, but deny that Plaintiff is entitled to relief under that statute, and deny the remaining averments of Paragraph No. 7.

**PARAGRAPH NO. 8:**

At all times material to this action the named Plaintiff, and all other members of the Plaintiff Class, known and unknown, were or are employed by Defendants, said employment being integral and indispensable to Defendants' business. At all times material to this action, Defendants have willfully employed the named Plaintiff and members of the Plaintiff Class for hours in excess of forty (40) during a work week, without paying for those hours worked over forty (40) at a rate equaling one and one-half times the employee's regular hourly rate of pay, pursuant to the requirements of the federal and state statutes herein relied upon.

**ANSWER**:

Defendants admit that the named Plaintiff was employed by the defendant corporations. Defendants deny the remaining averments of Paragraph No. 8.

## COUNT I
## ALLEGED VIOLATION OF THE FAIR LABOR STANDARDS ACT

**PARAGRAPH NOS. 1-8**:

Paragraphs 1 through 8 are re-alleged and incorporated as though set forth fully herein as paragraph 1 through 8 of this Count I.

**ANSWER**:

Defendants re-assert and incorporate as though set forth fully herein their answers to Paragraphs 1 through 8.

**PARAGRAPH NO. 9**:

Pursuant to the Fair Labor Standards Act, 29 U.SC. §201, *et seq.,* and the Portal-to-Portal Act, 29 U.S.C. §251, *et seq.,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half times

their regular rate of pay for all hours worked in excess of forty (40) during any work week during the two (2) year period which precedes the filing of this action.

**ANSWER**:

Defendants deny the averments of Paragraph No. 9.

**PARAGRAPH NO. 10:**

Defendants have at all times material hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein, at the rate of one and one-half times their regular hourly wage rate for hours worked over forty (40) during a work week, as required by the FLSA.

**ANSWER:**

Defendants deny the averments of Paragraph No. 10.

## COUNT II
## ALLEGED WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

**PARAGRAPH NOS. 1-10:**

Paragraphs 1 through 10 of Count I are realleged and incorporated as though set forth fully herein as paragraph 1 through 10 of this Count II.

**ANSWER:**

Defendants re-assert and incorporate as though set forth fully herein their answers to

Paragraphs 1 through 10.

**PARAGRAPH NO. 11**:

Defendant has, both in the past and presently, willfully failed to pay the named Plaintiff and members of the Plaintiff Class for hours worked in excess of forty (40) hours per week at a rate equal to one and one-half times their regular rate of pay. Defendants knew, or should have known, of the requirements of the Fair Labor Standards Act, and therefore continue a pattern of voluntary, deliberate, intentional, and willful violation of the Fair Labor Standards Act, including the failure to pay Plaintiff, a shared employee, overtime on the basis of all hours worked in excess of 40 during a given work week for his common employer.

**ANSWER**:

Defendants deny the averments of Paragraph No. 11.

**PARAGRAPH NO. 12**:

Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in any given work week during the three (3) years immediately preceding the filing of this complaint.

**ANSWER**:

Defendants deny the averments of Paragraph No. 12.

## COUNT III
## ALLEGED LIQUIDATED DAMAGES

**PARAGRAPH NOS. 1-12**:

Paragraphs 1 through 12 of Count II are realleged and incorporated as though fully set forth herein as Paragraphs 1 through 12 of this Count III.

**ANSWER**:

Defendants re-assert and incorporate as though set forth fully herein their answers to

Paragraphs 1 through 12.

**PARAGRAPH NO. 13**:

Defendants' denial of compensation to Plaintiff and members of the Plaintiff Class at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) during a work week, constitute acts not taken in good faith nor based upon reasonable grounds.

**ANSWER**:

Defendants deny the averments of Paragraph No. 13.

**PARAGRAPH NO. 14**:

Pursuant to 29 U.S.C. §260 the named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation.

**ANSWER**:

Defendants deny the averments of Paragraph No. 14.

# COUNT IV
# ALLEGED VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

**PARAGRAPH NOS. 1-14**:

Paragraphs I through 14 of Count IV [sic] are realleged and incorporated as though fully set forth herein as Paragraphs 1 through 14 of this Count IV.

**ANSWER**:

Defendants re-assert and incorporate as though set forth fully herein their answers to Paragraphs 1 through 14.

**PARAGRAPH NO. 15**:

The Illinois Minimum Wage Law provides that one and one-half times their regular rate of pay must be paid to employees for hours worked in excess of forty (40) hours during a work week.

**ANSWER**:

Paragraph No. 15 states a legal conclusion, to which no response is required.

**PARAGRAPH NO. 16**:

As employers under the common control of Defendant PHILIP K. FUENTES, the corporate Defendants MOTRK, INC., JOKAT, INC., PMA MCD, INC., as well as PHILIP K. FUENTES, individually and as President of MOTRK, INC., JOKAT, INC. and PMA MCD, INC., are jointly and severally liable for the failure to pay overtime wages to employees as complained of herein.

**ANSWER**:

Defendants deny the averments of Paragraph No. 16.

**PARAGRAPH NO. 17**:

At all times material hereto, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law, shall be liable to that underpaid employee for said unpaid wages and, in addition, for punitive damages in the amount of 2% of the amount of such underpayment for each month following the date of payment during which such underpayments remain unpaid.

**ANSWER**:

Paragraph No. 17 states a legal conclusion, to which no response is required.

**PARAGRAPH NO. 18**:

Defendants' failure to pay the overtime wages as described herein has been willful and/or in bad faith and merits the imposition of punitive damages.

**ANSWER**:

Defendants deny the averments of Paragraph No. 18.

## COUNT V – AN ALLEGED PENDANT STATE LAW CLAIM: ALLEGED VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT

**PARAGRAPH NOS. 1-18**:

Paragraphs 1 through 18 of Count IV are realleged and incorporated as though fully set forth herein as Paragraphs 1 through 18 of this Count V.

**ANSWER**:

Defendants re-assert and incorporate as though set forth fully herein their answers to Paragraphs 1 through 18.

**PARAGRAPH NO. 19**:

At all times material to this action, the Illinois Wage Payment and Collection Act, Section 2, defined wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties..."  Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses...and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".

**ANSWER**:

Paragraph No. 19 states a legal conclusion, to which no response is required.

**PARAGRAPH NO. 20**:

The Illinois Wage Payment and Collection Act, Section 4, provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

**ANSWER**:

Paragraph No. 20 states a legal conclusion, to which no response is required.

**PARAGRAPH NO. 21**:

The Illinois Wage Payment and Collection Act Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

**ANSWER**:

Paragraph No. 21 states a legal conclusion, to which no response is required.

**PARAGRAPH NO. 22**:

Defendants' refusal and failure to pay the full amount of earned overtime wages to Plaintiff constitutes a violation of the Illinois Wage Payment and Collection Act.

**ANSWER**:

Defendants deny the averments of Paragraph No. 22.

Dated: February 8, 2007　　　　　　　　　　**MOTRK, INC., JOKAT CO., INC., PMA MCD, INC., and PHILIP FUENTES, individually and as President of MOTRK, INC., JOKAT CO., INC., and PMA MCD, INC.**

By:　s/ James F. Botana
　　　One of Defendants' Attorneys

James F. Botana
Neil H. Dishman
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, IL 60610
(312) 787-4949

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on February 8, 2007, he caused a true and correct copy of the foregoing Answer to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system, including:

>Robert William Maucker
>R.W. Maucker, P.C.
>9231 S. Roberts Road
>Hickory Hills, IL 60457

>s/ Neil H. Dishman
>Neil H. Dishman